### In the Matter of Louis CAPOZZOLI, Jr.

### No. 98S00–0301–DI–40.

Supreme Court of Indiana.

Aug. 13, 2003.

## ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on January 27, 2003, advising that the respondent, Louis Capozzoli, Jr., was disciplined by the Supreme Court of Illinois and requesting, pursuant to Ind. Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On May 30, 2003, this Court issued an *Order to Show Cause*, to which the respondent has not responded. This case is now before us for final resolution.

We now find that the respondent was admitted to practice law in Indiana in 1984 and Illinois in 1986. The respondent's license to practice in Indiana has been on inactive status since September 1989. On October 22, 2001, the Hearing Board of the Illinois Attorney Registration and Disciplinary Commission found that the respondent incompetently represented clients in an adoption proceeding, made a statement of material fact to a court that the respondent should have known was false, and engaged in conduct prejudicial to the administration of justice and which tends to bring the legal profession into disrepute. A review board upheld the Hearing Board's findings on August 9, 2002. On January 2, 2003, the Illinois Supreme Court ordered that the respondent be suspended from the practice of law for six months and until he successfully completes the ethics course offered by the Illinois Professional Responsibility Institute. *In re: Louis Capozzoli*, No. 00CH37, M.R. 18371.

We find further that, pursuant to Admis.Disc.R. 23(28)(c),[1] the respondent has failed to demonstrate why reciprocal discipline should not issue in this state.

IT IS, THEREFORE, ORDERED that the respondent, Louis Capozzoli, Jr., is hereby suspended from the practice of law in this state. The respondent shall not be eligible to petition for reinstatement in this state pursuant to Admis.Disc.R. 23(4) until

---

1. Ind. Admission and Discipline Rule 23(28)(c) provides:

(c) Upon the expiration of thirty (30) days from service of the order [order to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

    (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

    (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;

    (3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

    (4) The misconduct established warrants substantially different discipline in this state.

If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

(d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.

reinstated to the practice of law in Illinois or upon further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the Supreme Court of Illinois, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.

